NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

QUINEL JAMES MCGHEE, *Appellant.*

No. 1 CA-CR 16-0817
FILED 7-27-2017

Appeal from the Superior Court in Mohave County
No. S8015CR201401403
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jason Lewis
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Maria Elena Cruz joined.

_____

D O W N I E, Judge:

¶1         Quinel James McGhee appeals the revocation of his probation and resulting prison sentence.  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2         In October 2014, McGhee was charged in Mohave County with one count of burglary in the second degree, a class 3 felony.  In February 2015, he pleaded guilty to the charge and was placed on probation for three years.

¶3         On May 29, 2015, McGhee's probation officer filed a revocation petition, alleging McGhee had failed to report to the probation department and had changed his residence without prior approval.  The petition stated that McGhee's whereabouts were unknown, and a bench warrant issued for his arrest.

¶4         At a June 9, 2015 arraignment, the superior court noted that McGhee was "in custody in another county" and continued the arraignment.  In July 2016, the court ordered McGhee transported from the Department of Corrections to the Mohave County jail.  McGhee appeared in court on August 24 and denied the allegations of the revocation petition.  The court set a probation violation hearing for September 14, 2016.

¶5         On McGhee's motion, the September 14 probation violation hearing was continued to October 11.  On September 21, 2016, the State filed a supplemental revocation petition, alleging that McGhee had been found guilty of burglary in the second degree in Maricopa County on May 25, 2016.

¶6         At the October 11 hearing, McGhee denied the allegations of the first revocation petition but admitted he had been found guilty in Maricopa County of burglary in the second degree for an offense

committed on June 4, 2015, while he was on probation.[1]  The superior court found that McGhee had violated the terms of his probation by committing the Maricopa County felony offense and sentenced him to a mitigated sentence of two years' imprisonment, with 116 days of presentence incarceration credit, to run consecutive to the Maricopa County sentence.  McGhee timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶7**        McGhee argues his due process rights were violated by "unjustified delay in [the] probation violation proceedings."  Whether we review for fundamental error, as the State suggests, or analyze whether the superior court abused its discretion by finding no unreasonable delay, as the defense urges, McGhee has not demonstrated a constitutional violation.

**¶8**        A probationer is entitled to due process protections, including a revocation hearing within a "reasonable time" to ensure that "information is fresh and sources are available."  *State v. Adler*, 189 Ariz. 280, 282 (1997).  McGhee does not contend the purported delay in the probation revocation proceedings led to stale information or unavailable sources.  In assessing the reasonableness of any such delay, we consider the "length of delay, reasons for the delay, and prejudice to the defendant."  *State v. Flemming*, 184 Ariz. 110, 115 (1995).

**¶9**        McGhee relies on *Adler* and *Flemming*, but we find both cases readily distinguishable.  In *Adler*, a probation revocation petition was filed, but the State made no effort to pursue it, and the defendant — almost three years later — moved for a speedy trial or disposition *in absentia*.  189 Ariz. at 281.  Even after that motion, the State did not seek to have the matter adjudicated.  *Id.*  The probation revocation hearing finally occurred more than six years after the petition was filed.  *Id.* at 282.  Based on these facts, we found both unreasonable delay and resulting prejudice.  *Id.* at 283–85.  *Flemming* also involved a probationer who made concerted efforts to have his revocation proceedings timely resolved, but

---

[1]        The State did not pursue the original revocation petition, stating that it was proceeding only on the allegation that McGhee committed a felony while on probation.  The court dismissed the first revocation petition with prejudice.

nonetheless was not brought before the court for more than 27 months after his revocation petition was filed. 184 Ariz. at 112.

¶10 Unlike *Adler* and *Flemming*, McGhee made no attempt to have his probation violation adjudicated sooner. Nor did he move to dismiss the probation revocation petition. Unlike the lengthy delays in those cases, the State here filed the petition within four months of McGhee's Maricopa County sentencing, the underlying offense had occurred only the year before, and the probation violation was adjudicated roughly one month after the supplemental petition was filed.

¶11 Finally, McGhee asserts that if the probation violation had been resolved before his sentencing in Maricopa County, "it is likely that the Maricopa County judge would have ordered that the Maricopa County prison sentence run concurrently with the Mohave County sentence." Not only is this contention speculative, but A.R.S. § 13-708(E) requires a trial court to impose a consecutive sentence when a defendant commits an offense while on felony probation.

## CONCLUSION

¶12 For the foregoing reasons, we affirm the revocation of McGhee's probation and resulting sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA

4